UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| Stephen J. Gattuso, | | |
|     Debtor | : | Case No. 17-bk-03405-JJT |
| | : | Adv. No. 17-ap-00178-JJT |
| Brenda Lomsky, | | |
|     Plaintiff | : | |
| v. | : | Complaint to Determine Dischargeability |
| Stephen J. Gattuso, | : | |
|     Defendant | | |
| | : | |

**STIPULATION IN SETTLEMENT OF ADVERSARY CASE**

Brenda Lomsky, Plaintiff, and Stephen J. Gattuso, Debtor/Defendant, (collectively, the Parties) do hereby stipulate and agree as follows:

**WHEREAS**, on August 16, 2017, Debtor/Defendant, Stephen J. Gattuso, filed a Petition for Relief under Chapter 13 of the Bankruptcy Code;

**WHEREAS**, on September 27, 2017, the Court granted Debtor's Motion to Convert to Chapter 7 of the Bankruptcy Code;

**WHEREAS**, Brenda Lomsky, Plaintiff, is the former spouse of Debtor and is a creditor in this case;

**WHEREAS**, prior to the filing of the bankruptcy case, on July 17, 2016, the Honorable Stephen M. Higgins of the Court of Common Pleas of Monroe County, Pennsylvania, issued a decree in divorce in <u>Brenda Gattuso v. Stephen J. Gattuso</u>, 83 Civil 2015, 13 DR 2015, in which

Plaintiff and Debtor were divorced from the bonds of matrimony and, as per that Order, Judge Higgins also approved the recommendations of the Divorce Master;

**WHEREAS**, the Parties have given due consideration to the matters raised by Plaintiff's adversary proceeding and, as a result, wish to resolve these matters, amicably;

**NOW, THEREFORE**, the Parties intending to be legally bound, agree as follows:

1. In accordance with the Divorce Master's Report and the Order of the Honorable Stephen M. Higgins, the Plaintiff shall receive 55% of Debtor's AT&T retirement pension;

2. The Parties agree that Plaintiff's claim to 55% of Debtor's retirement pension is nondischargeable in accordance with 11 U.S.C. Section 523(a)(5);

3. In accordance with the Divorce Master's Report and the Order of the Honorable Stephen M. Higgins, Debtor agrees to pay 80% of the Internal Revenue Service tax obligation as described in the Master's Report;

4. The Parties agree that Debtor's obligation to pay 80% of the Internal Revenue Service tax obligation, as described in the Master's Report, is nondischargeable in accordance with 11 U.S.C. Section 523(a)(15);

5. The Parties agree that the amount that Debtor now owes to Plaintiff with regard to the Internal Revenue Service tax obligation is as follows:

    a. 2009 IRS tax obligation      $4,538.79

    b. 2010 IRS tax obligation      2,306.59

    c. 2011 IRS tax obligation      697.92

6. The Parties further agree that the remaining balance due to the IRS, in connection with the 2011 IRS tax obligation, which is approximately $3,966.46, shall be paid

by Debtor directly to the IRS;

7. Furthermore, Plaintiff agrees that she will not pursue collection of the outstanding IRS tax obligation owed by Debtor to Plaintiff, as described in Paragraph 5 of this Stipulation, for at least one year from the date of this Stipulation;

8. The Parties agree that this Stipulation may be executed in one or more components, each of which shall be deemed an original, all of which shall constitute one and the same agreement;

9. The Parties agree that a facsimile signature shall be considered an original signature;

10. The Parties request that this Court sign and docket the proposed Order Approving Stipulation and Entry of Judgment.

**IN WITNESS WHEREOF**, the undersigned Parties have executed this Stipulation on the dates set forth below:


Date:    05/15/18              /s/Brenda Lomsky
                               Brenda Lomsky, Plaintiff


Date:    05/15/18              /s/Philip W. Stock
                               Philip W. Stock, Attorney for
                               Plaintiff, Brenda Lomsky

Date:    05/15/18              /s/Stephen J. Gattuso
                               Stephen J. Gattuso, Debtor/Defendant


Date:    05/15/18              /s/Bradley Warren Weidenbaum
                               Bradley Warren Weidenbaum, Attorney for
                               Debtor/Defendant, Stephen J. Gattuso